**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
In re:                                                                                    Chapter 11

Cecilia B. Kempton,                                                         Case No. 19-78292 (AST)

                                                     Debtor.
----------------------------------------------------------------X

### DECLARATION OF RANDOLPH E. WHITE
### IN SUPPORT OF APPLICATION FOR ENTRY OF
### ORDER AUTHORIZING EMPLOYMENT AND RETENTION
### OF WHITE & WOLNERMAN, PLLC AS COUNSEL FOR THE DEBTOR

RANDOLPH E. WHITE, pursuant to 28 U.S.C. § 1746 declares under the penalties of perjury as follows:

1.      I am a Partner of White & Wolnerman, PLLC ("WW"), which maintains offices for the practice of law at 950 Third Avenue, 11th Floor, New York, NY 10022. I am an attorney-at-law, duly admitted and in good standing to practice in the State of New York, as well as the United States District Court for the Eastern District of New York.

2.      I submit this Declaration in connection with the application (the "Application") [Docket No. 22] of Cecilia B. Kempton (the "Debtor") in the above-captioned Chapter 11 case (the "Case"), for entry of an order authorizing the Debtor to retain Brown Harris Stevens Westhampton LLC and Scala Properties as co-exclusive brokers (the "Brokers") in connection with the sale of the property located at 28 Jagger Lane, Westhampton New York 11977 (the "Property"). Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify thereto.

3.      Subsequent to filing the Application, counsel to the Debtor was contacted by the Office of the United States Trustee (the "UST") regarding the proposed terms of the Brokers'

retention. In this regard, the UST advised that under its guidelines a broker's exclusivity period could not be longer than six (6) months.

4. In accordance with the UST's guidelines, and after consultation with the Debtor and the Brokers, the Brokers agreed to amend the Agreement (the "Amended Agreement") to provide (i) that the Amended Agreement will only become effective upon entry of an order by the Bankruptcy Court authorizing the Brokers' retention; and (ii) that the Brokers' exclusivity will be limited to four (4) months (starting from the date of entry of an order approving this Application). A true and correct copy of the Amended Agreement is annexed hereto as Exhibit A.

5. WW will be submitting an amended proposed order reflecting these terms, as well as the fact that the Brokers' exclusivity period will commence upon the date of entry of an order approving the retention and expire four (4) months from that date.

I declare under the penalty of perjury of the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and information.

Executed this 30th day of January 2020

/s/ Randolph E. White<br>Randolph E. White