**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**In re:**                                                                           **Chapter 11**

**CECILIA KEMPTON,**                                          **Case No.  19-78292 (AST)**

                                        **Debtor.**
-----------------------------------------------------------------X

## ORDER AUTHORIZING RETENTION OF BROWN HARRIS STEVENS WESTHAMPTON LLC AND SCALA PROPERTIES AS REAL ESTATE BROKER FOR THE DEBTOR

Upon the application (the "Application"), dated December 18, 2019, of Cecilia B. Kempton, the Debtor in the above-captioned chapter 11 case (the "Debtor"), for entry of an order authorizing the retention of Brown Harris Stevens Westhampton LLC ("BHS") and Scala Properties ("Scala", and together with BHS, the "Brokers" and each a "Broker"), pursuant to section 327 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as co-exclusive real estate brokers for the Debtor to sell the real property located at 28 Jagger Lane, Westhampton New York 11977 (the "Property"); and upon the Declaration of Ron Scala, dated December 17, 2019, and the Declaration of Robert M. Nelson, dated December 17, 2019, each in support of the Application; and the Application having been heard at the initial case conference on January 15, 2020; and the Court having directed the Debtor to submit an amended proposed order and supplemental declaration concerning the scope of the retention; and upon the Declaration of Randolph E. White, Esq., dated January 30, 2020, in support of the Application (the "White Declaration"); and any objections to the relief sought in the Application having been resolved or overruled; and it appearing that: (i) the Brokers neither represent nor hold any interest adverse to the Debtor or its estate with respect to the matters upon which the Brokers are to be engaged; and (ii) the employment of the Brokers is necessary and in the best interests of the Debtor, its estate, and creditors; it is hereby

**ORDERED**, that the Application is granted as set forth herein; and it is further

**ORDERED**, that in accordance with Bankruptcy Code §327(a) the Debtor is authorized to retain the Brokers as her real estate brokers for the purposes of marketing and selling the Property pursuant to the terms of this Order; and it is further

**ORDERED**, that the Brokers shall have the co-exclusive right to market and sell the Property for a period of four (4) months commencing on the date of entry of this Order and terminating on the date that is four (4) months thereafter; and it is further

**ORDERED**, that the Brokers' compensation for effectuating a sale of the Property shall be limited to the Commission (as defined in the Application), to be paid from the gross proceeds of the contemplated sale, with such compensation to be paid upon closing of the sale of the Property without further application or order of the Court, but only after the Brokers file a joint broker's report for the sale of the Property; and it is further

**ORDERED**, that the Brokers shall be authorized to co-broker the sale of the Property with local real estate agents. In the event the Brokers choose to do so and any such third-party broker procures the ultimate buyer, the Commission will be split 50/50 between the Brokers and such third-party broker, but only after the Brokers file a broker's report for the sale of the Property; and it is further

**ORDERED**, that in the event the Property is sold directly by the Brokers, without an outside broker, 75% of the Commission will be paid to the Broker who procured the ultimate buyer and the remaining 25% will be paid to the other Broker; and it is further

**ORDERED**, that no other or further compensation be paid to the Brokers without approval of the Court pursuant to §330 and 331 of the Bankruptcy Code; and it is further

**ORDERED**, that the Office of the United States Trustee's right to interpose an objection to the reasonableness to any application for payment of fees is expressly preserved; and, it is further

**ORDERED**, that the Debtor be, and she hereby is, authorized to execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of this Order.

Dated: Central Islip, New York
       February 20, 2020
NO OBJECTION:

Office of the United States Trustee

By: __/s/ *Stan Y. Yang*__



**Dated: March 2, 2020**             _____
**Central Islip, New York**        **Alan S. Trust**
                                       **United States Bankruptcy Judge**