**WHITE & WOLNERMAN, PLLC**
950 Third Avenue, 11th Floor
New York, New York 10022

Direct Dial: (212) 308-0604
e-mail: rwhite@wwlawgroup.com

July 13, 2020

<u>**VIA ECF**</u>

**Hon. Alan S. Trust**
U.S. Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza – Courtroom 960
Central Islip, New York 11722

          Re:    <u>*In re* **Cecilia B. Kempton (Case No. 19-78292) (AST)**</u>

Dear Judge Trust:

      As you are aware, we represent the Debtor, Cecilia B. Kempton, in the above-referenced Chapter 11 proceeding. We are submitting this joint letter with the consent of counsel for MLF3 Jagger LLC ("MLF3" or "Secured Creditor") with respect to: 1) the Debtor's Objection to Proof of Claim No. 2 [Doc. No. 42] (the "Claim Objection"); and (2) MLF3's Motion to Fix the Amount of Secured Claim No. 2 [Doc. No. 40] (the "Motion to Fix Claim" and together with the Claim Objection, collectively, the "Motions") .

      In connection therewith a status conference was held with respect to these matters on June 24, 2020, at which time a briefing schedule was set focusing on the issue of whether the post- petition decision and order of the State Court fixing attorneys' fees is binding on the bankruptcy court. This court scheduled briefing on that issue as follows: (i) initial briefs on July 15, 2020; and (ii) Reply briefs on July 22, 2020.

      Following the hearing, Debtor conducted further research, as well as an examination of the State Court record and concluded that the State Court decision and order with respect to legal fees is void *ab initio*. Accordingly, we consulted with MLF3's counsel and advised them that it would not be necessary to address this issue. In addition, we consulted with MLF3's counsel and determined that Debtor would not pursue in the Bankruptcy Court via a claims objection issues relating to Secured Creditor's Claim that were addressed in the foreclosure action by the New York State Supreme Court, Suffolk County (the "State Court") pre-petition pursuant to Memorandum Decisions and Orders entered on September 9, 2019 and December 3, 2019 (NYSCEF Nos. 98 & 164) (collectively, the "Decisions"). However, Debtor reserves her rights

to seek further relief from the State Court on the issues adjudicated in the Decisions, including by way of appeal (and Secured Creditor reserves its rights to object).

Debtor and Secured Creditor agree the following issues need to be briefed (collectively, the "Issues"):

1. The extent to which the issue of Secured Creditor's attorneys' fees and costs incurred pre-petition may be determined by the bankruptcy court consistent with principles of comity;

2. The legal standards governing the Secured Creditor's pre-petition attorneys' fees and costs asserted in the Secured Creditor's Claim; and

3. Whether and to what extent an evidentiary hearing on what constitutes a reasonable fee is required.

We also jointly request that the dates to file briefs, limited to the Issues, be extended so that initial briefs are due on July 22, 2020 and reply briefs are due on July 29, 2020.

The Court's courtesies and consideration of the foregoing is appreciated.

Sincerely,

White & Wolnerman, PLLC

By: *Randolph E. White*
    Randolph E. White
    *Counsel for the Debtor*
    *and Debtor-in-Possession*

cc. Stuart Kossar, Esq. (via ECF and E-mail)

**LIMITED ISSUES AND NEW DEADLINES APPROVED**



**Dated: July 21, 2020**
    **Central Islip, New York**

    **Alan S. Trust**
    **United States Bankruptcy Judge**