**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
**In re:**                                                                 **Chapter 11**

**CECILIA B. KEMPTON,**                                    **Case No. 19-78292 (AST)**

                           **Debtor.**
------------------------------------------------------------------X

### ORDER AUTHORIZING AND APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER <u>INTERESTS, AND GRANTING RELATED RELIEF</u>

**UPON** the motion dated September 11, 2020 (the "Sale Motion"),[1] of Cecilia Kempton, the above captioned debtor and debtor-in-possession (the "Debtor"), by her attorneys, White & Wolnerman, PLLC, for entry of an order approving the sale of real property located at 28 Jagger Lane, Westhampton New York 11977 (the "Property") free and clear of all liens, claims, and encumbrances, and other interests, and granting relating relief; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor's estate, her creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Sale Motion is a core proceedings pursuant to 28 U.S.C. § 157(b)(2); and adequate notice of the Sale Motion and opportunity for objection having been given; and this Court having heard statements of counsel in support of the relief requested by the Debtor in the Sale Motion at a hearing before this Court on October 7, 2020 (the "Sale Hearing"); and it appearing that no other notice need be given; and it further appearing that

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause therefor:

THE COURT HEREBY FINDS AND CONCLUDES:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(A), (M), (N) and (O).

B. Venue of this proceeding in this District and this Court is proper under 28 U.S.C. §§ 1408 and 1409.

C. Adequate notice of the Sale Motion and the proposed sale of assets has been given pursuant to Bankruptcy Rules 2002, 6004 and 6006. The service of such notices was good, sufficient and appropriate under the circumstances.

D. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Motion, including, without limitation, adequate business justification for the sale of the Debtor's assets outside a plan of reorganization.

E. The Debtor's determination to sell the Property to Purchase in accordance with the terms of the Residential Contract of Sale represents a valid and sound exercise of the Debtor's business judgment.

F. The consideration provided by the Purchaser under the Residential Contract of Sale is fair and adequate and constitutes reasonably equivalent value and fair consideration for the Property under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof and the District of Columbia.

G. The Purchaser is purchasing the Property in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full

protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (i) the Purchaser is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code; and (ii) the negotiation and execution of the Residential Contract of Sale was at arms' length and in good faith.

H.     The Purchaser is not a continuation of the Debtor or her estate, and there is no identity between the Purchaser and the Debtor. The Purchaser is not a successor to the Debtor or her estate.

I.     The sale of the Property to the Purchaser is not being undertaken for the purpose of escaping liability for the Debtor's debts.

J.     The Debtor has full power and authority to execute and deliver the Residential Contract of Sale and all other documents contemplated thereby, and no further consents or approvals are required for the Debtor to consummate the transactions contemplated by the Residential Contract of Sale, except as may otherwise be set forth in the Residential Contract of Sale.

K.     The transfer of the Property to the Purchaser will be as of the closing date (the "Closing Date") a legal, valid, and effective transfer of the Property, and vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Property free and clear of all liens accruing, arising or relating thereto any time prior to the Closing Date.

L.     The Purchaser would not have entered into the Residential Contract of Sale and would not consummate the transactions contemplated thereby if the sale of the assets to the Purchaser were not free and clear of all liens, claims, encumbrances and other interests of any kind

or nature whatsoever, or if the Purchaser would, or in the future, could be liable for any of such liens, claims, encumbrances and other interests of any kind or nature.

M.  The Debtor may sell the Property free and clear of all liens against the Debtor and her estate, because one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

N.  The consummation of the sale contemplated by the Residential Contract of Sale is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code and Bankruptcy Rule, including, without limitation, sections 105(a), 363(b), 363(f), 363(k), 363(m), 365(b) and 365(f), Bankruptcy Rule 6004(f)(1) and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**BASED UPON THE FOREGOING FINDINGS, IT IS HEREBY, ORDERED, THAT**

1. The findings set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed. To the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

2. All objections and responses concerning the sale of the Property have been resolved as set forth in the record of the Sale Hearing.  To the extent any such objections were not otherwise withdrawn, waived or settled, they are hereby overruled and denied.

3. The relief requested in the Sale Motion is granted and approved.

4. The Residential Contract of Sale is hereby approved.

5. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized,

empowered and directed to (a) consummate the sale of the Property to the Purchaser pursuant to and in accordance with the terms and conditions of the Residential Contract of Sale, (b) close the sale as contemplated in the Residential Contract of Sale and this Order, and (c) execute and deliver, perform under, consummate, implement and close fully the Residential Contract of Sale, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Residential Contract of Sale and the sale, including any other ancillary documents, or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the Residential Contract of Sale and such other ancillary documents.

6. This Order shall be binding in all respects upon the Debtor, her estate, all creditors, all holders of equity interests in the Debtor, all holders of any Claim(s)[2] (whether known or unknown) against the Debtor, any holders of liens against or on all or any portion of the Property, the Purchaser and all successors and assigns of the Purchaser, and any trustees, if any, subsequently appointed in the Debtor's Chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code of the Debtor's case. This Order and the Residential Contract of Sale shall inure to the benefit of the Debtor, her estate and creditors, the Purchaser and their respective successors and assigns.

7. Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtor is authorized and directed to transfer to the Purchaser the Property on the Closing Date. Effective upon the Closing Date, the Property shall be owned by the Purchaser free and clear of all liens, Claims, encumbrances or other interests. Pursuant to section 363(f) of the Bankruptcy Code, effective upon the Closing Date, the transfer of title to the Property shall be free

---

[2] As defined in Section 101(5) of the Bankruptcy Code.

and clear of any and all liens, Claims, encumbrances or other interests (i) that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtor's interest in the Property, or any similar rights, and (ii) arising in any way in connection with any agreements, acts, or failures to act, conduct, Claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, indemnities, indemnity obligations and warranties relating to any such acts, omissions or circumstances of the Debtor arising prior to the Closing Date. All liens shall attach solely to the proceeds of the Sale with the same validity, priority, force and effect that they now have as against the Property, subject to any claims and defenses the Debtor and/or her estate may possess with respect thereto.

1. Except as expressly permitted or otherwise specifically provided by the Residential Contract of Sale or this Order, all persons holding liens or interests in all or any portion of the Property arising under or out of, in connection with, or in any way relating to the Debtor, the Property or the transfer of the Property to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser or its successors or assigns, their property or the Property, such persons' or entities' liens in and to the Property.

2. On the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release liens or encumbrances on the Property, if any, as provided for herein, as such liens may have been recorded or may otherwise exist.

3. Upon consummation of the transactions set forth in the Residential Contract of Sale, the Purchaser shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect

or otherwise notice any lien or encumbrance that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code.

4.     All persons are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Property to the Purchaser in accordance with the terms of the Residential Contract of Sale and this Order.

5.     A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of the liens of record.

6.     If any person which has filed statements or other documents or agreements evidencing liens on, interests in, all or any portion of the Property shall not have delivered to the Debtor or the Purchaser prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary or desirable to the Purchaser for the purpose of documenting the release of all liens which the person or entity has or may assert with respect to all or any portion of the Property, the Debtor is hereby authorized and directed, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such Person or entity with respect to the Property.

7.     This Order is and shall be binding upon and govern the acts of all persons, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to

report or insure any title or state of title in or to any lease; and each of the foregoing persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Residential Contract of Sale.

8. Effective upon the Closing Date and except as otherwise provided by stipulations filed with or announced to this Court with respect to a specific matter, all persons and entities are forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Purchaser, its successors and assigns, or the Property, with respect to any (a) liens arising under, out of, in connection with or in any way relating to the Debtor, the Purchaser, or the Property prior to the Closing Date, or (b) successor liability, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Purchaser, its successors or assigns, assets or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Purchaser, its successors, assets or properties; (iii) creating, perfecting or enforcing any liens against the Purchaser, its successors or assigns, assets or properties; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchaser or its successors or assigns; or (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of this Court, or the agreements or actions contemplated or taken in respect thereof.

9. Except for any liabilities assumed in the Residential Contract of Sale or as otherwise expressly set forth in this Order, the Purchaser shall not have any liability or other obligation of the arising under or related to the Property.

10. The transactions contemplated by the Residential Contract of Sale are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code. The Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

11. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this Chapter 11 Case, (b) any subsequent Chapter 7 case into which such Chapter 11 case may be converted, or (c) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Residential Contract of Sale or the terms of this Order.

12. Pursuant to Bankruptcy Rules 7062, 9014, 6004 and 6006, this Order shall be effective immediately upon entry and the Debtor and the Purchaser are authorized to close the sale in accordance with the terms of the Residential Contract of Sale.

13. The failure specifically to include any particular provision of the Residential Contract of Sale in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Residential Contract of Sale be authorized and approved in its entirety.

14. The Debtor is hereby authorized and directed to pay the lien serviced by Nationstar Mortgage, LLC d/b/a Mr. Cooper in full on the Closing Date or within ten (10) days of such closing, which payment shall be made as per the terms of a valid and up to date payoff letter/correspondence obtained by the Debtor from Nationstar Mortgage, LLC d/b/a Mr. Cooper, or its attorneys or agents.

15. The Residential Contract of Sale and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that there is no reduction in the sale price as provided for in the Residential Contract of Sale and that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

16. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Residential Contract of Sale, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any to the sale or the effect of the sale.

17. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this Chapter 11 Case, the terms of this Order shall govern.

**Dated: November 12, 2020**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**